UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRUCE LYLES,

        Plaintiff,

                                      Civil Action 2:12-cv-00751
    v.                              Judge Gregory L. Frost
                                     Magistrate Judge Elizabeth P. Deavers

CAPITAL - EMI MUSIC INC., *et al.*,

        Defendants.

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court pursuant to an initial screen of Plaintiff's Complaint

pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff brings claims against Capital - EMI Music, Inc.,

Katy Perry, Usher Raymond, Taio Cruz, Lukasz Gottwald, and David Guetta for alleged

copyright infringement. Plaintiff alleges that Katy Perry wrongfully copied his songs, *Surfs*

*Edge*, *Netherworld*, and *Someone (Reflection Mix)* ("*Someone*"). Plaintiff further alleges that

Usher Raymond, together with Taio Cruz and David Guetta, wrongfully copied Plaintiff's songs

*Where* and *Without You*. Plaintiff makes no allegations within his Complaint against Capital -

EMI Music, Inc. or Lukasz Gottwald.

At this time, the Court will allow Plaintiff to proceed on his claims against Katy Perry for

the alleged copyright infringement of *Surfs Edge* and *Netherworld* only. The Court will also

allow Plaintiff to proceed against Usher Raymond, Taio Cruz, and David Guetta with respect to

the alleged copyright infringement of *Where*. For the reasons set forth below, it is

**RECOMMENDED** that the Court **DISMISS** the remainder of Plaintiff's claims for failure to

state a claim. Additionally, as set forth below, Plaintiff's August 31, 2012 Motion Request is

**DENIED**.  (ECF No. 4.)  Also, Plaintiff's Motion for Extension of Time raised in his September 5, 2012 miscellaneous filing is **DENIED** as moot.  (ECF No. 5.)

## I. STANDARD

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>      \*      \*      \*
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a).  *See also Hill v. Lappin*, 630

---

[1]Formerly 28 U.S.C. § 1915(d).

F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  Additionally, the Court must construe *pro se* complaints liberally.  *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 129 S.Ct. at 1949.

## II.  ANALYSIS

A.      Plaintiff's claims against Capital - EMI Music, Inc. and Lukasz Gottwald

Although Plaintiff named Capital - EMI Music, Inc. and Lukasz Gottwald as Defendants in this action, he failed to allege that either of these Defendants engaged in any wrongdoing or

other conduct that would render them liable in this case.  With regard to Capital, Plaintiff merely asserts near the party designations on the first page of his Complaint: "Capital - EMI music as in relation to the individuals named in suit and as their business address."  (ECF No. 3, at 1.)  Nowhere in his Complaint does Plaintiff describe the relationship between Capital and the other named individuals that would allegedly render Capital liable here.  Indeed, Plaintiff does not mention Capital again at all within his Complaint.  The same is true with regard to Defendant Gottwald.  Besides naming him as a Defendant, Plaintiff fails to mention Gottwald at all within his Complaint.  Plaintiff's failure to allege any wrongdoing or other conduct on the part of Capital and Gottwald constitutes a failure to state a claim to relief as to these Defendants that is plausible on its face.  The Undersigned cannot draw a reasonable inference that either of these Defendants is liable to Plaintiff.  The Undersigned, therefore, recommends that Plaintiff's claims against Capital and Gottwald be dismissed.

B.      Plaintiff's claims that Katy Perry copied *Someone*, and that Usher Raymond, Taio Cruz, and David Guetta copied *Without You*

Plaintiff attempts to assert three claims of copyright infringement against Katy Perry and two claims of copyright infringement against Usher Raymond, Taio Cruz and David Guetta collectively.  Specifically, Plaintiff claims that Perry copied three of his songs: *Surfs Edge*, *Netherworld* and *Someone*.  Plaintiff claims that Raymond, Cruz and Guetta copied *Where* and *Without You*.

Reduced to its most basic elements, a copyright infringement action requires a plaintiff to prove that (1) he owned a valid copyright, and (2) the defendant copied it.  *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 274 (6th Cir. 2009); *Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003).  Copyright "registration made before or within five years after the first

publication of the work shall constitute prima facie evidence of the validity of the copyright . . .

." 17 U.S.C. § 410(c); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004) (noting that registration constitutes prima facie evidence that the plaintiff owned a valid copyright). Where a plaintiff is unable to offer direct evidence that the defendant copied his work, the plaintiff may prove the second element inferentially with evidence that the defendant had access to the plaintiff's work and that there is a substantial similarity between it and the defendant's work. *Bridgeport*, 585 F.3d, at 274; *Ellis v. Diffie*, 177 F.3d 503, 506 (6th Cir. 1999). Even if access cannot be proven, a plaintiff may be able to prevail if he shows a high degree of similarity between the two works. *Ellis*, 177 F.3d, at 507.

Before instituting a copyright infringement action, a plaintiff must register the work at issue with the United States Copyright Office. 17 U.S.C. § 411(a) ("No action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title."). Prior to 2010, many Circuits, including the United States Court of Appeals for the Sixth Circuit, viewed the registration requirement of § 411(a) as a prerequisite to the Court having jurisdiction over the action. *See Buemi v. Lewis*, No. 94-4156, 1995 WL 149107, at *2 (6th Cir. Apr. 4, 1995) (finding that the district court lacked jurisdiction to hear the plaintiff's copyright claim because the plaintiff failed to register his work with the Copyright Office); *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997) (holding that registration was a jurisdictional prerequisite to an infringement suit). In 2010, however, the United States Supreme Court clarified the effect of § 411(a)'s registration requirement. *Elsevier v. Muchnick*, 130 S. Ct. 1237, 1241, 1249 (2010). The Court held that the "registration requirement is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction." *Id*. at 1241. Thus, although § 411(a)'s registration

5

requirement is no longer viewed as a jurisdictional prerequisite, the requirement remains a "precondition to filing a claim." *Id.* The failure to register an allegedly-copied work with the Copyright Office before filing suit subjects a plaintiff's infringement action to dismissal. *TreadmillDoctor.com, Inc. v. Johnson*, No. 08-2877, 2011 WL 1256601, at *4-5 (W.D. Tenn. Mar. 31, 2011); *see also Sony/ATV Music Publ'g LLC v. D.J. Miller Music Distribs., Inc.*, No. 09-01098, 2010 WL 3872802, at *4 (M.D. Tenn. Sept. 28, 2010) (concluding that plaintiffs' claims for copyright infringement were subject to dismissal because the plaintiffs failed to register their songs before filing suit).

Here, Plaintiff failed to allege facts that could allow the Court to reasonably infer that two of the songs at issue were registered with the Copyright Office prior to the initiation of this lawsuit. Plaintiff does not independently allege that he registered any of his songs. Plaintiff does, however, attach four Certificate of Registration forms to his Complaint. (ECF No. 3-1, at pp 2-5.) Those forms indicate that Plaintiff registered with the Copyright Office four compact discs containing unidentified songs. Plaintiff does not allege, and the Certificates of Registration fail to reflect, which, if any, of the allegedly-copied songs at issue here are contained on the registered discs. However, Plaintiff filed with the Court numerous discs, including copies of the registered discs. (ECF No. 3-B-D, G-H, K-L.) Plaintiff also attached to his Complaint a list of the discs that he filed with the Court. (ECF No. 3-1, at 1.)

Upon review of Plaintiff's Complaint, together with its attachments and the discs, the Court is unable to reasonably infer that Plaintiff registered the song *Someone* or *Without You*. The disc containing *Someone* is entitled *Signs From the Road of Life*. (ECF No. 3-K.) None of the four Certificates of Registration purports that Plaintiff registered a compact disc with that title. *Without You* is contained on a disc entitled *Bad Mix: Burning Shadows*. (ECF No. 3-L.)

Again, none of the four Certificates of Registration demonstrates that Plaintiff registered this particular disc with the Copyright Office.  Indeed, the *Bad Mix: Burning Shadows* disc bears the labels "unfinished remixes"; and "not for public listening."  (ECF No. 3-L.)  This leads the Court to conclude that Plaintiff never finished that disc, let alone registered it.

Moreover, with regard to *Without You*, Plaintiff failed to allege facts that could plausibly establish that Plaintiff could succeed on the second element of a copyright infringement claim, namely copy.  Although Plaintiff alleges that there exists a similarity between his song and the Defendants' song (which is also entitled *Without You*), (ECF No. 3, at 3), he fails to allege that Defendants had access to his song.  Having reviewed the songs in question, the Court cannot find this to be one of those cases where a "high degree of similarity" establishes the copy element even without an allegation of access.  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted with respect to his songs *Without You* and *Someone*.  The Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims with respect to these allegations.

### III.  PLAINTIFF'S MOTION REQUEST (ECF No. 4)<br>AND PLAINTIFF'S MISCELLANEOUS FILING (ECF No. 5)

Plaintiff filed a Motion Request asking that certain pages of his Complaint be kept confidential from Defendants.  (ECF No. 4.)  Plaintiff's Motion is **DENIED**.  Plaintiff essentially asks this Court to seal pages 5, 6, and 7 of his Complaint.  (*See* ECF Nos 4; and 3, at pp 5, 6, and 7.)  Plaintiff has failed to establish or even argue the existence of a good-cause reason to keep the pages in question confidential.  To preserve the presumption of public access to files in civil cases, the Court will file documents under seal only under specific circumstances where sealing is necessary to protect sensitive information.  S.D. Ohio, Civ. R. 79.3.  In this

case, no arguable basis exists that would warrant permitting Plaintiff to file the pages in question under seal.

Plaintiff also filed miscellaneous correspondence with the Court in which he appears to ask for an extension of time to provide additional copies of compact discs in the event that the Court or Defendants need additional copies. (ECF No. 5.) Plaintiff made a similar request for an extension in his Motion Request discussed above. (ECF No. 4.) To the extent Plaintiff moves this Court for an extension of time, his Motion is **DENIED** as moot. Plaintiff is not currently subject to a deadline to provide the Court or Defendants with copies of any exhibits, including compact discs. Plaintiff's request for an extension is, therefore, moot. Plaintiff, however, must still submit the United States Marshall Service Forms as well as copies of the Complaint for each Defendant.

## IV. CONCLUSION

Accordingly, it is **RECOMMENDED** that Plaintiff's claims against Capital - EMI Music, Inc. and Lukasz Gottwald be dismissed. It is further recommended that Plaintiff's claim against Katy Perry for copyright infringement of *Someone* be dismissed. Finally, the Undersigned recommends that Plaintiff's claims against Usher Raymond, Taio Cruz, and David Guetta for copyright infringement of *Without You* be dismissed. Accordingly, Plaintiff may proceed on his claims against Katy Perry for alleged copyright infringement of *Surfs Edge* and *Netherworld*, and against Usher Raymond, Taio Cruz, and Lukasz Gottwald for alleged copyright infringement of *Where*. The Court, however, will not effect service of these Defendants until Plaintiff cures the deficiencies related to the completed Marshal Forms and required copies of the Complaint for each Defendant he has sued. Plaintiff's Motion Request is **DENIED**. (ECF No. 4.) Plaintiff's Motion for Extension raised in his Motion Request and in

8

his miscellaneous filing is **DENIED** as moot.  (ECF No. 5.)

## V.  OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816*,* 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: September 11, 2012                                      ___/s/ *Elizabeth A. Preston Deavers*___

Elizabeth A. Preston Deavers
United States Magistrate Judge