UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRUCE LYLES,**

    **Plaintiff,**

                                        Civil Action 2:12-cv-00751
    v.                                JUDGE GREGORY L. FROST
                                        Magistrate Judge Elizabeth P. Deavers

**CAPITAL - EMI MUSIC INC.,** *et al.***,**

    **Defendants.**

## ORDER

Plaintiff, an Ohio resident who proceeds without the assistance of counsel and *in forma pauperis*, filed his Complaint on August 22, 2012. (ECF No. 3.) Plaintiff brings claims for copyright infringement against Capital - EMI Music, Inc., Katy Perry, Usher Raymond, Taio Cruz, Lukasz Gottwald, and David Guetta. Specifically, Plaintiff alleges that Katy Perry copied his songs *Surfs Edge*, *Netherworld* and *Someone (Reflection Mix)* ("*Someone*"). Plaintiff alleges that Usher Raymond, Taio Cruz and David Guetta copied his songs *Without You* and *Where*. Although Plaintiff names Capital - EMI Music, Inc. and Lukasz Gottwald as defendants, his Complaint contains no factual allegations against either of them. After conducting an initial screen pursuant to 28 U.S.C. § 1915(e), the Magistrate Judge recommended the dismissal of Plaintiff's claims against Katy Perry for alleged copyright infringement of *Someone*, as well as Plaintiff's claims against Usher Raymond, Taio Cruz and David Guetta for alleged copyright infringement of *Without You*. The Magistrate Judge also recommended the dismissal of Plaintiff's claims against Capital - EMI Music, Inc. and Lukasz Gottwald. This matter is before the Court for consideration of the September 11, 2012 Report and Recommendation of the

Magistrate Judge.  (ECF No. 6.)  Plaintiff filed his Objection to the Report and Recommendation on September 26, 2012.  (ECF No. 10.)  Plaintiff also filed a Motion Request, in which he seeks to have the Magistrate Judge amend her Report and Recommendation to correct within it what Plaintiff perceives to be an error.  (ECF No. 10.)  For the reasons that follow, Plaintiff's Objection to the Report and Recommendation of the Magistrate Judge is **OVERRULED**.  The Report and Recommendation of the Magistrate Judge is **ADOPTED**.  (ECF No. 6.)  Plaintiff's claims against (1) Katy Perry for copyright infringement of *Someone*; (2) Usher Raymond, Taio Cruz and David Guetta for copyright infringement of *Without You*; (3) Capital - EMI Music, Inc.; and (4) Lukasz Gottwald are **DISMISSED**.  At this juncture, Plaintiff may proceed on his claims against Katy Perry for alleged copyright infringement of *Surfs Edge* and *Netherworld*.  Plaintiff may also proceed against Usher Raymond, Taio Cruz and David Guetta for alleged copyright infringement of *Where*.  Plaintiff's Motion Request is **DENIED** as moot.

## I.  STANDARD FOR INITIAL SCREENS

In her Report and Recommendation, the Magistrate Judge set forth the standard for initial screens pursuant to 28 U.S.C. 1915(e).  Finding it unnecessary to repeat that familiar standard here, the Court adopts the standard set forth in the Report and Recommendation.

## II.  ANALYSIS

The Magistrate Judge recommended the dismissal of Plaintiff's claims against Capital - EMI Music, Inc. and Lukasz Gottwald, as well as Plaintiff's claims against Katy Perry for *Someone* and Usher Raymond, Taio Cruz and David Guetta for *Without You.*

The Court will first address Plaintiff's claims against Capital - EMI Music and Lukasz Gottwald.  Federal Rule of Civil Procedure 8(a) requires Plaintiff to include within his

Complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A basic essential of a proper complaint is that it contain factual allegations against each named defendant. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint . . . is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given to pro se complaints.") (citation omitted); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (affirming dismissal of plaintiff's claim because plaintiff "failed to allege, directly or inferentially, *any* facts" in support of a material element of her claim) (emphasis in original). Here, as the Magistrate Judge observed, Plaintiff's Complaint contains no factual allegations against either Capital or Gottwald. In fact, Plaintiff does not mention these Defendants at all in his Complaint, except to name them as parties. Plaintiff's Complaint fails to meet the requirements of Rule 8(a) as to Capital and Gottwald. Accordingly, his claims against them must be dismissed.

Plaintiff objects to the dismissal of his claims against Capital and Gottwald, stating that "anyone named in the suit[,] according to my information, has either been credited or partially credited for a song and (or) is profiting from its sale . . . ." (Pl.'s Obj. 2, ECF No. 10.) Plaintiff also states that "according to my information, Capital - EMI Music, Inc. makes money from the . . . songs." *Id.* at 5. Even if the Court were to construe these statements as factual allegations, Plaintiff has not attributed any wrongdoing to either Defendant that could render them liable in this case. In a further effort to avoid the dismissal of these Defendants, Plaintiff contends that the discovery process will provide him with information as to the Defendants' involvement in the alleged wrongdoing. *Id.* at 2, 5. If Plaintiff obtains information implicating the potential liability of Capital or Gottwald at some later point in time, he is free to seek leave to amend his

3

Complaint to add either or both of them as parties. At this time, however, Plaintiff's claims against these Defendants are dismissed.

The Court now turns to Plaintiff's claims against Katy Perry for copyright infringement of *Someone* and Usher Raymond, Taio Cruz and David Guetta for copyright infringement of *Without You*. To make out a claim for copyright infringement, a plaintiff must establish that (1) he owned a valid copyright, and (2) the defendant copied it. *Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003) (citing *Wickham v. Knoxville Intern. Energy Exposition, Inc.*, 739 F.2d 1094, 1097 (6th Cir. 1984)). A valid copyright registration serves as prima facie evidence that the plaintiff owned a valid copyright. 17 U.S.C. § 410(c); *see also Hi-Tech Video Prods., Inc. v. Capital Cities/ABC, Inc.*, 58 F.3d 1093, 1095 (6th Cir. 1995) (holding that the defendant's "certificate of copyright creates a presumption of the copyright's validity"). "[W]here there is no direct evidence of copying, a plaintiff may establish 'an inference of copying by showing (1) access to the allegedly-infringed work by the defendant(s) and (2) a substantial similarity between the two works at issue.'" *Murray Hill Publ'n, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 316 (6th Cir. 2004) (quoting *Kohus*, 328 F.3d at 853-54). The Sixth Circuit has noted that "the stronger the similarity between the two works in question, the less compelling the proof of access needs to be." *Ellis v. Diffie*, 177 F.3d 503, 507 (6th Cir. 1999).

Prior to bringing a claim for copyright infringement, a plaintiff must register the relevant work with the Copyright Office. *See* 17 U.S.C. § 411(a) ("No action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title."); *Elsevier v. Muchnick*, 130 S. Ct. 1237, 1241 (2010) (recognizing that the "registration requirement is a precondition to filing a claim . . . ."); *Cawley v. Swearer*, No. 90-1981, 1991 WL 108725, at *2 (6th Cir. June 20, 1991) (affirming

4

dismissal of plaintiff's copyright claim because he failed to register the work with the Copyright Office prior to bringing suit).

Here, the Magistrate Judge recommended dismissal of Plaintiff's claims for *Someone* and *Without You* because Plaintiff did not allege that he registered either song with the Copyright Office prior to bringing suit. Plaintiff acknowledges in his Objection that he has not registered *Without You*. *See* Pl.'s Obj. 2, ECF No. 10 ("[A]ll Plaintiff's songs in the case were registered . . . except *Without You*."). Plaintiff's claim against Usher Raymond, Taio Cruz and David Guetta for copyright infringement of *Without You* is thus barred by Section 411 of the Copyright Act, and must be dismissed. *Elsevier*, 130 S. Ct. at 1241. Additionally, Plaintiff does not allege in his Complaint that he registered *Someone*, although he does make the general assertion in his Objection that he registered "all of [his] songs." (Pl.'s Obj. 2, ECF No. 10.) In any event, Plaintiff contends that he "is not suing for [or] filing for copyright infringement damages for the song '*Someone*.'" *Id.* at 3. Thus, Plaintiff does not object to the Magistrate Judge's recommendation to dismiss Plaintiff's claim against Katy Perry for *Someone*. The Court adopts the Magistrate Judge's recommendation, and dismisses Plaintiff's claim pursuant to Section 411 of the Copyright Act.

The Magistrate Judge also noted that, in addition to his failure to register the work, Plaintiff failed to allege facts sufficient to establish the second element of a copyright infringement claim with regard to *Without You*. Specifically, Plaintiff failed to allege that Defendants had access to his song. Plaintiff contends in his Objection that he alleged access on page six of his Complaint. The Court, however, finds no such allegation on page six or elsewhere in Plaintiff's Complaint. Plaintiff also contends that the postage receipts he provided with his Complaint show that he mailed his work to unspecified individuals. But the receipts

5

only show that Plaintiff mailed *something* to *someone*. They do not show what Plaintiff mailed. Nor is it clear to whom the items were mailed, or how Defendants could have accessed them from there. Without more, the postage receipts are insufficient to constitute an allegation of access. Finally, Plaintiff speculates that Defendants could have gained access "via the following: a studio can mention or communicate things about what an artist is working on at the studio to others or even people in the music industry even to try to help or promote the artist or his music." *Id.* at 6. Access, however, cannot rest on "speculation or conjecture." *Ellis*, 177 F.3d at 506. Rather, Plaintiff must demonstrate a "reasonable possibility" that Defendants had the opportunity to hear his work. *Murray Hill*, 361 F.3d at 316 (internal quotations and citations omitted). As such, Plaintiff has failed to allege that Defendants had access to *Without You*, which also compels the dismissal of Plaintiff's claim for that song.

### III. PLAINTIFF'S MOTION REQUEST

Along with his Objection, Plaintiff filed a Motion requesting that the Magistrate Judge correct what Plaintiff perceives to be an error in the Report and Recommendation. (ECF No. 10.) Specifically, Plaintiff states that he provided the appropriate United States Marshal forms and copies of his Complaint to the Clerk for service. He asks that the Magistrate Judge modify her Report and Recommendation to reflect that he has provided the appropriate documents. Plaintiff's Motion is denied as moot. There is no reason to alter the Report and Recommendation. The Court acknowledges that Plaintiff has provided the appropriate forms and copies. Service has been effected accordingly.

### IV. CONCLUSION

6

Plaintiff's Objection to the Report and Recommendation is **OVERRULED**.  (ECF No. 10.)  The Report and Recommendation of the Magistrate Judge is **ADOPTED**.  (ECF No. 6.) Plaintiff's claims against (1) Katy Perry for copyright infringement of *Someone*; (2) Usher Raymond, Taio Cruz and David Guetta for copyright infringement of *Without You*; (3) Capital - EMI Music, Inc.; and (4) Lukasz Gottwald are **DISMISSED**.  At this juncture, Plaintiff may proceed on his claims against Katy Perry for alleged copyright infringement of *Surfs Edge* and *Netherworld*.  Plaintiff may also proceed against Usher Raymond, Taio Cruz and David Guetta for alleged copyright infringement of *Where*.  Plaintiff's Motion Request is **DENIED** as moot. (ECF No. 10.)

    **IT IS SO ORDERED.**

                                                            /s/   Gregory L. Frost
                                                     GREGORY L. FROST
                                                     UNITED STATES DISTRICT JUDGE