# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BRUCE LYLES, | ) CASE NO.: 2:12-cv-00751 |
| Plaintiff, | ) District Judge Gregory L. Frost |
| vs. | ) Magistrate Judge Elizabeth P. Deavers |
| CAPITAL – EMI MUSIC INC., et al., | ) **REPLY BRIEF OF KATY PERRY IN SUPPORT OF HER MOTION TO DISMISS** |
| Defendants. | ) |

Now comes Defendant, Katy Perry, and for her Reply in Support of her Motion to Dismiss Plaintiff's Complaint hereby states that the Opposition of Plaintiff Lyles does not set forth sufficient arguments to refute that the copyright infringement claims in this case against Katy Perry have no sufficient legal or factual basis to withstand the Motion to Dismiss.  Not only does Plaintiff fail to allege sufficient access, he fails to establish that his songs and the Perry songs are similar enough to warrant further review.  Therefore the claims against Katy Perry should be dismissed as a matter of law.

## ACCESS

In his Response in Opposition, Plaintiff essentially claims he sufficiently alleged access by stating that he mailed the works at issue to college/public radio stations and music companies. However, the mere fact Plaintiff sent his works to a third party is insufficient to allege access under US Copyright Law.  "Access means that an alleged infringer had a 'reasonable possibility' – not simply a 'bare possibility' – of hearing the prior work; access cannot be based on mere 'speculation or conjecture.'"  *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003)

(*citing Gaste v. Kaiserman*, 863 F.2d 1061, 1066 (2d Cir.1988)); *see also Ellis v. Diffie*, 177 F.3d 503, 506-07 (6th Cir.1999); 4 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 13.02[A], at 13-19 to 13-20 (2002) ("[R]easonable opportunity ... does not encompass any bare possibility in the sense that anything is possible. Access may not be inferred through mere speculation or conjecture."); *but cf. id.* at §13.02[A], at 13-22 (noting that "[a]t times, distinguishing a 'bare' possibility from a 'reasonable' possibility will present a close question"). In order to support a claim of access, a plaintiff must offer "significant, affirmative and probative evidence." *Id.* (*citing Scott v. Paramount Pictures Corp.*, 449 F.Supp. 518, 520 (D.D.C.1978), aff'd, 607 F.2d 494 (D.C.Cir.1979) (table), cert. denied, 449 U.S. 849, 101 S.Ct. 137, 66 L.Ed.2d 60 (1980) and *Tisi v. Patrick*, 97 F.Supp.2d 539, 547 (S.D.N.Y.2000)). "Access must be more than a bare possibility and may not be inferred through speculation or conjecture." Cottrill v. Spears, 87 Fed. Appx. 803 (3rd Cir. 2004), citing Gaste, 863 F.2d at 1066.

When a third party intermediary is involved, a plaintiff can sufficiently allege access to the infringed work in three ways: 1) through evidence that the plaintiff submitted the work to a third party with whom both the plaintiff and defendant were dealing, *Bouchat v. Baltimore Ravens, Inc.*, 241 F.3d 350, 354 (4th Cir. 2001); 2) through evidence that the plaintiff sent the copyrighted work to a third party intermediary who has a close relationship with the alleged infringer, *Towler v. Sayles*, 76 F.3d 579, 583 (4th Cir. 1996); and 3) under the "corporate receipt" doctrine, i.e. possession of a work by one employee of a corporation implies possession by another corporate employee who allegedly infringed the work, *Jones v. Blige*, 558 F.3d 485, 492 (6th Cir. 2009).

Here, Plaintiff has not alleged he sent the works at issue to a third party with whom both he and Katy Perry were dealing, nor has he alleged the works were sent to a third party who had

2

a close relationship with Katy Perry. To the contrary, Plaintiff has simply alleged he sent the works to radio stations and music companies. None of the allegations in the Complaint allege Plaintiff, let alone Katy Perry, was dealing with any of the radio stations and/or record companies or that Plaintiff's submissions were anything more than unsolicited mailings. Several courts have found the plaintiff has failed to prove access when there is no evidence of a relationship between the individual who received the plaintiff's work and the alleged infringer. *See Tisi v. Patrick*, 97 F.Supp.2d 539, 547 (S.D.N.Y.2000) (finding no proof of access where plaintiff alleged that he sent unsolicited tapes to record companies, including the company that released records containing the allegedly infringing song, but there was no evidence that plaintiff's song was conveyed to anyone with creative input into the allegedly infringing song); *Towler v. Sayles*, 76 F.3d 579, 583 (4th Cir.1996) ("A court may infer that the alleged infringer had a reasonable possibility of access if the author sent the copyrighted work to a third party intermediary who has a close relationship with the infringer. An intermediary will fall within this category, for example, if she supervises or works in the same department as the infringer or contributes creative ideas to him." (emphasis added)); *Moore v. Columbia Pictures Indus., Inc.*, 972 F.2d 939, 944 (8th Cir.1992) (finding access where intermediary was "in a position to provide suggestions" to the alleged copiers); *Bouchat v. Baltimore Ravens, Inc.*, 241 F.3d 350, 354 (4th Cir.) (jury could infer access where intermediary with access to plaintiff's drawings had "a close relationship to the alleged infringers"), cert. denied, 532 U.S. 1038, 121 S.Ct. 2000, 149 L.Ed.2d 1003 (2001); *Tomasini v. Walt Disney Co.*, 84 F.Supp.2d 516, 522 (S.D.N.Y.2000) (finding no access based on finding that no relationship existed between recipient of plaintiff's work and alleged infringers).

Further, Plaintiff has not alleged sufficient access under the corporate receipt doctrine. Under the "corporate receipt doctrine", an inference of access is permitted to be drawn when there is a relationship – either based on a common employer or other dealings – between an intermediary who knows of plaintiff's work and the alleged copier. *Hoch v. MasterCard Int'l Inc.*, 284 F. Supp. 2d 1217, 1221 (D. Minn. 2003) (*citing Meta-Film Assocs., Inc. v. MCA, Inc.*, 586 F.Supp. 1346, 1357 (C.D.Cal.1984)). "However, this relationship cannot be too attenuated so that access is established only "through a tortious chain of hypothetical transmittals." *Id.* (*quoting Moore*, 972 F.2d at 944). Several courts have held a plaintiff's attempt to prove access when there is no evidence of any connection between the individual who received the plaintiff's work and the alleged infringer. *See Jones v. Blige*, 558 F.3d 485, 492, 89 U.S.P.Q.2d 2029 (6th Cir. 2009) (access not proven under "corporate receipt" doctrine where plaintiffs set forth no evidence tending to show a reasonable possibility that their work made its way from employee to the creators of allegedly infringing work); *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 48, 69 U.S.P.Q.2d 1067 (2d Cir. 2003) (evidence of corporate receipt of unsolicited work is insufficient to raise a triable issue of access where there is no evidence of any connection between the individual recipients of the protected work and the alleged infringers); *Gable v. National Broadcasting Co.*, 727 F. Supp. 2d 815, 826 (C.D. Cal. 2010), aff'd, 2011 WL 2412410 (9th Cir. 2011) (to avoid summary judgment, a plaintiff must show that he submitted his work to an intermediary who is in a position to transmit the plaintiff's work to the creators of the infringing work, such as a person who (1) has supervisory responsibility for the allegedly infringing project, (2) contributed ideas and materials to it, or (3) worked in the same unit as the creators).

Here, Plaintiff's Complaint simply raises the bare possibility of access by alleging he mailed the allegedly infringed works to college/public radio stations and Katy Perry's record

4

company. He has not alleged anyone that received his work had any meaningful connection with Katy Perry, nor has he alleged Katy Perry ever heard his work. Further, the Court has already recognized – in its Order dismissing several of Plaintiff's claims – simply mailing the works to Defendants is insufficient to prove access. Accordingly, Plaintiff's Complaint is insufficient.

### SUBSTANTIAL SIMILARITY

If a plaintiff is unable to demonstrate access, he may establish copying by demonstrating that the protected work and the alleged infringing work are "strikingly similar." La Resolana Architects, PA v. Reno, Inc., 555 F.3d 1171, 1179 (10th Cir. 2009) (citing Corwin v. Walt Disney Co., 475 F.3d 1239, 1253 (11th Cir.2007)). Striking similarity exists when "the proof of similarity in appearance is 'so striking that the possibilities of independent creation, coincidence and prior common source are, as a practical matter, precluded.' " *Corwin*, 475 F.3d at 1253 (*quoting Selle v. Gibb*, 741 F.2d 896, 901 (7th Cir.1984)). Further, "the similarities should appear in a sufficiently unique or complex context as to make it unlikely that both pieces were copied from a prior common source." *Selle*, 741 F.2d at 904. However, "[o]ne work does not violate the copyright in another simply because there is a similarity between the two if the similarity results from the fact that both works deal with the same subject or have the same common source." *Dorsey v. Old Sur. Life Ins. Co.*, 98 F.2d 872, 873 (10th Cir.1938).

Moreover, the standard used to determine whether the infringing work is substantially similar to the protected work is that of the "ordinary listener" *See Johnson v. Gordon*, 409 F.3d 12, 18 (1st Cir. 2005). Specifically,

> [u]nder [the ordinary listener] metric, the defendant's work will be said to be substantially similar to the copyrighted work if **an ordinary person of reasonable attentiveness would**, upon listening to both, conclude that the defendant unlawfully appropriated the plaintiff's protectable expression. *See Concrete Mach. Co. v. Classic Lawn Ornaments*, 843 F.2d 600, 607 (1st

5

> Cir.1988); *Educ. Testing Servs. v. Katzman*, 793 F.2d 533, 541 (3d Cir.1986). Works can be substantially similar despite the presence of disparities. The key is whether "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the works'] aesthetic appeal as the same." *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir.1960).

*Id*. Accordingly, it is from the perspective of the ordinary listener, not the perspective of a musically trained and/or inclined listener, that substantial similarity is viewed.

Here, no ordinary listener would reasonably conclude Plaintiff's work is strikingly similar to the allegedly infringing work as there are essentially no similarities between the works. The Plaintiff's works and the allegedly infringed works do not sound the same and have entirely different themes. Even reviewing the corrected lyrics submitted by Plaintiff, there can be no finding that the songs are even similar, let alone substantially similar. Accordingly, there is not a sufficient similarity between Plaintiff's works and the infringed works to support a copyright claim.

### INVERSE RATIO RULE

Under the "inverse ratio" rule, if a defendant had access to a copyrighted work, the plaintiff may show infringement based on a lesser degree of similarity between the copyrighted work and the allegedly infringing work. *Benay v. Warner Bros. Entm't, Inc*., 607 F.3d 620, 625 (9th Cir. 2010) (*citing Shaw v. Lindheim*, 919 F.2d 1353, 1361 (9th Cir.1990)); *see also Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1178 (9th Cir.2003). Likewise, "[a] high degree of similarity may permit access to be inferred." *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1179 (10th Cir. 2009) (citing Gates Rubber Co., Gates Rubber Co. v. Bando Chem. Indus., 9 F.3d 823, 833 n. 9 (10 Cir. 1993).

In this case, Plaintiff has not alleged either a high degree of either access to or similarity between the protected work and the allegedly infringing work. Accordingly, his Complaint is insufficient on its face.

For the foregoing reasons, as well as those stated in Defendant Perry's Motion to Dismiss, Defendant Perry requests that the complaint against her be dismissed.

                                      Respectfully submitted,

                                      /s/ Laurie J. Avery
                                      Laurie J. Avery (0069029)
                                      One SeaGate, Suite 1600
                                      Toledo, Ohio 43604
                                      PH:  (419) 254-1311
                                      FAX: (419) 243-7830
                                      Email: lavery@reminger.com

                                      Counsel for Defendant
                                      Katy Perry

## **CERTIFICATE OF SERVICE**

The foregoing Reply Brief has been sent by this Court's electronic filing system, on this 9th day of May, 2013 and by regular mail to Plaintiff Bruce Lyles.

/s/ Laurie J. Avery
Laurie J. Avery (0069029)

Counsel for Defendant
Katy Perry