IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRUCE LYLES,**

        **Plaintiff,**

                                  **Case No. 2:12-CV-00751**

      **v.**                          **JUDGE GREGORY L. FROST**

                                      **Magistrate Judge Elizabeth P. Deavers**

**CAPITAL - EMI MUSIC INC., et al.,**

        **Defendants.**

<u>**OPINION AND ORDER**</u>

This matter is before the Court for consideration of the following filings: (1) the amended

motion to dismiss Plaintiff's Complaint filed by Defendant Usher Raymond (ECF No. 35), (2)

the motion to dismiss filed by Defendant Katy Perry (ECF No. 39), (3) a memorandum in

opposition to both motions filed by Plaintiff Bruce Lyles (ECF No. 42), (4) a reply memorandum

filed by Perry (ECF No. 48), and (5) a reply memorandum filed by Raymond (ECF No. 49).  The

Court finds the motions to dismiss well taken, as Plaintiff fails to state a valid claim for copyright

infringement.  The Court therefore **GRANTS** the motions to dismiss and **DISMISSES**

**DEFENDANTS PERRY AND RAYMOND** from this action.

**I.**

Plaintiff Bruce Lyles, an Ohio resident proceeding in this action *pro se* and *in forma*

*pauperis*, filed his Complaint on August 22, 2012. (ECF No. 3.)  Plaintiff's Complaint alleges

claims for copyright infringement against Capital - EMI Music, Inc., Perry, Raymond, Taio

Cruz, Lukasz Gottwald, and David Guetta.  Plaintiff alleges that Perry copied his songs *Surfs*

*Edge*, *Netherworld* and *Someone*; specifically, Plaintiff contends that Perry's popular songs

*California Gurls*, *Teenage Dream*, and *Last Friday Night* infringe upon his copyrighted works.

Plaintiff also alleges that Defendants Raymond, Taio Cruz and David Guetta copied his song

*Where*; specifically, Plaintiff alleges that *Without You*, a song that features vocals by Raymond

and appears on Guetta's album *Nothing But The Beat*, infringes upon his copyright for *Where*.

Pursuant to an initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2), this

Court dismissed (1) Plaintiff's claims against Defendant Perry for copyright infringement of

Plaintiff's song *Someone*, (2) Plaintiff's claims against Defendants Raymond, Cruz, and Guetta

for copyright infringement of Plaintif's song *Without You*, and (3) all claims against Defendants

Capital -EMI Music, Inc. and Gottwald.  (ECF Nos. 6, 12.)  The Court allowed Plaintiff's claims

to proceed on his claims against Perry for alleged copyright infringement of *Surfs Edge* and

*Netherworld* and against Raymond, Cruz, and Guetta for alleged copyright infringement of

*Where*.

Defendants Perry and Raymond filed motions to dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(6).  (ECF Nos. 35, 39.)  Briefing has closed on the motions, which are ripe

for disposition.

## II.

"A pleading that states a claim for relief must contain . . . a short and plain statement of

the claim showing that the pleader is entitled to relief . . . ."  Fed.  R.  Civ.  P.  8(a)(2).  The

requirement is meant to provide the opposing party with "'fair notice of what the . . . claim is and

the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct.

1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2

L.Ed.2d. 80 (1957)).  If a complaint does not meet that standard, the opposing party may move to

dismiss it for failure to state a claim at any time before filing an answer. Fed. R. Civ. P. 12(b)(6).

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The court's role is limited to determining whether the plaintiff is entitled to move forward and offer evidence to support the claims alleged, not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Even though a complaint need not plead "detailed factual allegations," the allegations in the pleading "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). The plaintiff's obligation to provide the grounds for this "entitlement" to legal relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Accordingly, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true." *Id.* at 555–56, 127 S.Ct. 1955 (citations omitted). The complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its

face." *Id.* at 570. "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**III.**

To establish a copyright infringement claim, a plaintiff must show: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." See *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Hi-Tech Video Prods., Inc. v. Capital Cities/ABC, Inc.*, 58 F.3d. 1093, 1095 (6th Cir. 1995). For purposes of the motions to dismiss now before the Court, Defendants do not dispute Plaintiff's ownership of his copyrights. Thus, whether Plaintiff's claim survives dismissal depends on whether he has adequately pleaded a plausible claim of "copying."

Plaintiff's Complaint does not profess that direct evidence of copying exists. This is not surprising, as "direct evidence of copying is rarely available." *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004). Where there is no direct evidence of copying, a plaintiff may "establish an inference of copying by showing (1) access to the allegedly-infringing work by defendant(s) and (2) a substantial similarity between the two works at issue." *Ellis v. Diffie*, 177 F.3d. 503, 506 (6th Cir. 1999); *see also Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d. 348, 352 (6th Cir. 2004).

**A. Access**

In the copyright infringement context, "access" means hearing or having a reasonable opportunity to hear the plaintiff's work, such that there is an "opportunity to copy." *Ellis*, 177 F.3d. at 506. "Although 'evidence that a third party with whom both the plaintiff and defendant were concurrently dealing had possession of plaintiff's work is sufficient to establish access by

the defendant', '[a]ccess may not be inferred through mere speculation or conjecture.'" *Ellis*, 177

F.3d at 506 (quoting 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright §

13.02[A]); *see also Jones v. Blige*, 558 F.3d 485, 491 (6th Cir. 2009); *Murray Hill Publ'ns, Inc.*

*v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 316 (6th Cir. 2004).  A plaintiff's

allegations must show that the defendant(s) had a "reasonable possibility" of viewing the

plaintiff's work.  *Id.*

Here, Plaintiff fails to assert factual allegations that raise a right to relief above the level

of bald speculation.  As to the songs *Surf's Edge* and *Netherworld* allegedly infringed by

Defendant Perry, Plaintiff states in his Complaint that he "distributed [the allegedly copyrighted

songs] to a number of Public / College Radio Stations in 2009 + prior to 2010, (nationally)

including in California." '  As to the song *Where* allegedly infringed by Defendant Raymond,

Plaintiff alleges that he sent the song to "a number of Public / College Radio Stations in 2008

and since as well as [to] music companies."  (Compl., ECF No. 3 at PageID# 39.)[1]  Absent

taking a speculative leap, however, these allegations do not provide a valid basis for infer that

any of the radio stations or record companies were connected with Defendants in such a manner

that would have provided Defendants with an opportunity to copy Plaintiff's work.  Although

Plaintiff is not required to plead "detailed factual allegations," the "[f]actual allegations must be

enough to raise a right to relief above the speculative level." *Twombl*y, 550 U.S. at 555.  Absent

some nonspeculative basis from which to conclude that Plaintiff's songs got into the hands of

Defendants Perry and Raymond, Plaintiff has failed to plead access in manner that would allow

his copyright infringement claims to survive.

---

[1] Plaintiff attached to his Complaint several delivery confirmation receipts to corroborate his claim that he
sent the allegedly copyrighted works to college and public radio stations and to "music companies."

In reaching this conclusion in the context of a Rule 12(b)(6) motion, the Court finds instructive the decision of our sister court in *Martinez v. McGraw*, No. 3:08-0738, 2009 WL 2447611, 2009 U.S. Dist. LEXIS 69862 (M.D. Tenn. Aug. 10, 2009).  In *Martinez*, the plaintiff claimed that the defendants (one of whom was popular country music star Tim McGraw) gained access to plaintiff's songs because McGraw used the same recording studio and worked with the same musical personnel as a recording artist who recorded a song that used lyrics from the plaintiff's copyrighted collection.  2009 U.S. Dist. LEXIS 69862 at *3-4, *14.  The court granted the defendants' motion to dismiss under Rule 12(b)(6), finding that the plaintiff "failed to state facts that could raise even an inference of access."  *Id.* at *14.

The alleged facts in this case are even more speculative than the allegations in *Martinez*. Plaintiff has only alleged that he sent his songs to radio stations and (in the case of the song allegedly infringed by Raymond) to "music companies."  Plaintiff does not allege any other facts that would allow a plausible inference of access that rises above the speculative level.  Simply because Plaintiff sent his songs to numerous public and/or college radio stations around the United States does not mean that Defendants necessarily had the opportunity to listen to, much less copy, Plaintiff's works.  The mere fact of Plaintiff sending the songs to the various radio stations, even assuming that those stations received them, does not show either that the stations played the songs or that Defendants Perry and/or Raymond heard them.  Nor do the allegations indicate that either Perry or Raymond worked with a third party who had access to Plaintiff's songs.  In order to infer access here, the Court would need to consider a speculative inferential chain where the radio stations received Plaintiff's package, opened it, listened to it, contacted the Defendants, and then the Defendants copied it.

As to Raymond, the same is true with respect to the allegation that Plaintiff sent his allegedly copyrighted work to "music companies."  Absent bald speculation, there are no facts alleged that would allow any reasonable inference that the record companies to which Plaintiff sent his songs had any relationship with Raymond.  Plaintiff has alleged even less of a connection between the alleged infringer and the allegedly protected work than did the Plaintiff in *Martinez*.

### B.  Substantial Similarity

Even assuming that Plaintiff's Complaint alleged a plausible theory that Defendants had access to his copyrighted work, Plaintiff's claim for copyright infringement still suffers for want of a showing of substantial similarity between his songs and the allegedly infringing songs of Defendants Perry and Raymond.

To determine whether two works are substantially similar requires (1) identifying which aspects of a plaintiff's work, if any, are protectable by copyright and (2) determining whether the allegedly infringing work "is 'substantially similar' to the protectable elements of the artist's work."  *Stromback*, 384 F.3d at 294 (quoting *Kohus v. Mariol*, 328 F.3d 848, 855 (6th Cir. 2003)).  As to the first element, its purpose is to "filter out the unoriginal, unprotectible elements," which include *scenes à faire* (*i.e.*, incidents, characters, or settings).  *Id.* at 294, 296.  Concepts and themes that are "too commonplace" are also unprotected.  *Id.* at 295 n.5.

After unprotected elements are removed, the Court must then proceed to compare the allegedly protected work and the allegedly infringing work side-by-side.  *Id.* at 294-95.  Where, as here, the works in question are made part of the pleadings in the case, it is entirely appropriate for the district court to address the issue of substantial similarity in connection with a motion to dismiss.  *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010).

"If, in making that evaluation, the district court determines that the two works are not

substantially similar as a matter of law, the district court can properly conclude that the plaintiff's

complaint, together with the works incorporated therein, do not plausibly give rise to an

entitlement to relief."  *Id.* (citations and internal quotations omitted).

### 1.  Defendant Perry's Songs

Plaintiff first alleges that Perry's song *California Gurls* infringes on Plaintiff's work,

*Surfs Edge*, because it has the same "subject" and "theme," which Plaintiff identifies as an

"oceanside environment setting."  (Compl., ECF No. 3 at PageID# 39.)  But this "environment

setting" is precisely the sort of *scene à faire* that is not afforded copyright protection.  *See*

*Stromback*, 384 F.3d at 294-96.  And even if the "oceanside environment setting" were a

copyrightable element (a dubious proposition, in this Court's view), a comparison of the songs

reveals that they are about different aspects of that "oceanside environment": whereas *Surfs Edge*

appears to be about some relationship that is related to surfing, Perry's *California Gurls* is about

(as the title suggests) girls from California.  Thus, even if the "theme" of *Surfs Edge* were a

protectable element of Plaintiff's copyright, the "theme" of Plaintiff's song and Perry's song are

demonstrably different.

In any event, a side-by-side comparison of *Surfs Edge* and *California Gurls* shows that

the works are not substantially similar when examining their "core, expressive aspects."  The

Court has listened to the two songs and finds that the lyrics and melody are decidedly *dissimilar*.

Though Plaintiff alleges that the two songs have the "same vocal melody," the Court disagrees.

No "ordinary, reasonable observer" could find that *California Gurls* is similar to *Surfs Edge*,

much less *substantially* similar.  *See Stromback*, 384 F.3d at 294 (describing the second part of

the "substantial similarity" test as asking whether the "ordinary, reasonable observer" would find

the works substantially similar).

Nor does the Court find a cognizable claim that Perry's song *Teenage Dream* is similar to

*Surfs Edge*.  Plaintiff contends that *Teenage Dream* has the "same emphasis on words, spacing,

same melody idea, stress accents on words, etc." as does *Surfs Edge.*  (Compl., ECF No. 3 at

PageID# 40; *see also id.* at PageID# 52.)  Even assuming these features of *Surfs Edge* are

protected elements for purposes of a copyright infringement claim, the Court nonetheless finds

no substantial similarity between the two works as a matter of law. The melody and lyrics of the

two songs are vastly dissimilar when listened to side by side.  *Teenage Dream* is a much higher

pitched and fast-paced song than *Surfs Edge*, which is low and dreary in tone.  The Court finds

nothing at all similar in the music or lyrics of the two songs.

Finally, Plaintiff's claim that Perry's song *Last Friday Night* infringes upon Plaintiff's

song *Netherworld* is similarly doomed.  Plaintiff contends that these two songs have "the same

type of lyrical phrasing/scheme."  (Compl., ECF No. 3 at PageID# 40.)  Plaintiff elaborates

elsewhere in his Complaint, alleging that the "last stanza" of *Last Friday Night* has the "same

lyrical phrasing" as *Netherworld* (*viz.*, "don't tag me with a computer chip /that's not cool / that's

not hip / watch & control me every move . . .").  (*Id.* at PageID# 52.)  The Court is at a complete

loss, however, to find any substantial similarity.  Neither the melody nor the lyrical phrasing of

*Last Friday Night* resembles that of *Netherworld* at all.   As to the lyrical phrasing, a comparison

between the lyrics in the last stanza of *Last Friday Night* and the above quoted lyrics of

*Netherworld* show no similarity in phrasing or subject matter.  The last stanza of *Last Friday*

*Night* contains the following lyrics:

Last Friday night
Yeah we danced on tabletops
And we took too many shots, think we kissed but I forgot
Last Friday night
Yeah we maxed our credit cards and got kicked out of the bar
So we hit the boulevard
Last Friday night
We went streaking in the park,
skinny dipping in the dark then had a ménage à trois
Last Friday night
Yeah I think we broke the law, always say we're gonna stop-op
Ooh-ohh, this Friday night do it all again

The Court finds nothing about the "lyrical phrasing" of *Last Friday Night* to be similar to

that of *Netherworld*. No reasonable listener to the two songs could find otherwise.

## 2. Defendant Raymond's Song

As to Plaintiff's claim that Raymond's *Without You* infringes upon his work *Where*, the

Court finds no substantial similarity between the two works. Plaintiff contends that *Where*

"seems to have virtually the same or a very similar main vocal melody through the main verse

sections as *Without You*" as well as a similar "chord structure theme repeating in these songs."

(Compl., ECF No. 3 at PageID# 58.) No ordinary listener, however, would view these songs as

similar.

Plaintiff's song is performed by a solo voice (presumably Plaintiff's) accompanied by a

synthesizer "working with / setting approximately 70 parameters." (Pl.'s Opp., ECF No. 42 at

PageID# 343.) In contrast, Raymond's *Without You* is, as described by Defendant, "a fully

produced pop dance track, including drums, handclaps, bass, piano, strings, and several layers of

synthesizers." (Def. Raymond's Mot., ECF No. 35 at PageID# 258.) Moreover, no ordinary,

reasonable listener can listen to the two songs and conclude that they have a similar, much less

the same, vocal melody. Nor do the songs have the same lyrics or even lyrics that address the

10

same subject matter.  Plaintiff's *Where* appears to be about someone looking for a "sound"; in stark contrast, *Without You* is about someone who has lost a lover or companion and is devastated by it.  The vocal style, lyrics, and melody of the two songs are completely different.

For the foregoing reasons, the Court finds no substantial similarity as a matter of law between Plaintiff's songs and the challenged songs of either Defendant Perry or Defendant Raymond.  Accordingly, Plaintiff has failed to state a valid claim for copyright infringement.

## IV.

Plaintiff has simply failed to plead factual allegations that raise a right to relief for copyright infringement above the speculative level.  The Plaintiff speculates that there was access to his copyrighted works, but has not stated any allegations that could raise even an inference of access.  Moreover, a comparison of Plaintiff's allegedly copyrighted works with those of Defendants Perry and Raymond shows no substantial similarity between the works as a matter of law.  Accordingly, the Court **GRANTS** Defendant Perry's motion to dismiss (ECF No. 39) and Defendant Raymond's Amended Motion to Dismiss (ECF No. 35).  Defendants Perry and Raymond are **DISMISSED** as parties to this action.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE