UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRUCE LYLES,**

    **Plaintiff,**

                                    **Civil Action 2:12-cv-00751**
    v.                                **Judge Gregory Frost**
                                    **Magistrate Judge Elizabeth P. Deavers**

**CAPITAL - EMI MUSIC INC.,** *et al.***,**

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Bruce Lyles, filed the Complaint in this action on August 22, 2012. (ECF No. 3.) The only remaining Defendants are David Guetta and Taio Cruz. (*See* ECF Nos. 12 and 51.) To date, Plaintiff has not effected service over Defendant David Guetta, as required by Federal Rule of Civil Procedure 4(m). Rule 4(m) provides in pertinent part as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). On December 27, 2012, the Court directed Plaintiff to provide, within fourteen days, a copy of the Complaint, a completed U.S. Marshal service form, and a summons for Defendant Guetta and warned Plaintiff that failure to provide the materials would result in dismissal of his claims against Defendant Guetta. (ECF No. 18.) Plaintiff did not respond to the Court's Order and the deadline has long since passed. Plaintiff has not effected service over Defendant Guetta for over a year, nor has he shown good cause for his failure to do so. It is therefore **RECOMMENDED** that the Court **DISMISS** Defendant Guetta **WITHOUT**

**PREJUDICE** pursuant to Rule 4(m) for failure to timely effect service of process. *See Fulk v. Clark Cnty. Jail Food Serv.*, No. 3:10-CV-00306, 2010 WL 5514691, *1 (S.D. Ohio Dec. 13, 2010) (adopting the magistrate judge's report and recommendation to dismiss without prejudice defendants not served within the 120 day time limit in Rule 4(m)).

The Court notes that the status of service on foreign Defendant Taio Cruz is uncertain. Federal Rule of Civil Procedure 4(f) provides that a foreign defendant may be served outside of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudical Documents." Fed. R. Civ. P. 4(f). On July 12, 2013, Plaintiff filed a Certificate purportedly showing service on Defendant Cruz in London, England. (ECF No. 50.) The Certificate, however, states that the summons was served by leaving it in the mail room at the address provided, "c/o Mike Shepard Bolt Burdon." (*Id.*) It is not clear how Mr. Burdon is involved in the present action. Plaintiff is therefore **ORDERED** to demonstrate that service on Defendant Cruz was proper **WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER**. Plaintiff must indicate Mr. Burdon's relationship to Defendant Cruz and verify that the means of service was reasonably calculated to give Defendant Cruz notice of the action pending against him.

## PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: November 22, 2013                                         /s/ *Elizabeth A. Preston Deavers*
                                                                                Elizabeth A. Preston Deavers
                                                                                United States Magistrate Judge

3