UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRUCE LYLES,**

    **Plaintiff,**

    **v.**       **Civil Action 2:12-cv-00751**
         **JUDGE GREGORY FROST**
         **Magistrate Judge Elizabeth P. Deavers**

**CAPITAL - EMI MUSIC INC.,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

Plaintiff, Bruce Lyles, filed the Complaint in this action on August 22, 2012. (ECF No. 3.) The Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* on August 22, 2012. (ECF No. 2.) On November 12, 2013, the Court granted Defendants' Usher Raymond and Katy Perry's Motions to Dismiss. (ECF No. 51.) The Court dismissed Plaintiff's claims against Defendant Guetta on December 26, 2013. (ECF No. 59.) The only potential remaining Defendant is Taio Cruz. This matter is before the Court pursuant to 28 U.S.C. § 1915, which requires the Court to dismiss a claim at any time it determines that such claim is frivolous, malicious, or fails to state a claim. For the reasons that follow, Plaintiff's claim against Mr. Cruz is **DISMISSED**.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determines that--
>
>  \*  \*  \*
>
> (B) the action or appeal--
>
>  (i) is frivolous or malicious; [or]
>
>  (ii) fails to state a claim on which relief may be granted . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii) (emphasis added); *see also Denton*, 504 U.S. at 31. Accordingly, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

  To properly state a claim for relief, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to analyze a complaint under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the

---

[1] Formerly 28 U.S.C. § 1915(d).

authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require " 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' " is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.' " *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## II.

The Court set out the facts of this case in its November 12, 2013 Opinion and Order ("Order"), which is incorporated herein. (ECF No. 51.) In that Order, the Court granted Defendants Katy Perry and Usher Raymond's motion to dismiss the claims against them because Plaintiff "failed to plead factual allegations that raise a right to relief for copyright infringement

3

above the speculative level." (*Id.* at 11.)

Plaintiff's only remaining claim in this lawsuit is for copyright infringement against Taio Cruz. This claim is related to the songs *Where*, written by Plaintiff, and *Without You*, written by Taio Cruz and performed by Usher Raymond. In the Order, however, the Court already determined that there is no substantial similarly between the songs *Where* and *Without You* such that Plaintiff failed to allege the elements of a copyright infringement claim. *See id*. at 10–11. Specifically, the Court stated the following with respect to the song *Without You*:

> Moreover, no ordinary, reasonable listener can listen to the two songs and conclude that they have a similar, much less the same, vocal melody. Nor do the songs have the same lyrics or even lyrics that address the same subject matter. Plaintiff's *Where* appears to be about someone looking for a "sound"; in stark contrast, *Without You* is about someone who has lost a lover or companion and is devastated by it. The vocal style, lyrics, and melody of the two songs are completely different.

(*Id.*)

The same analysis that applied to Plaintiff's claim against Defendant Raymond (for performing *Without You*) also applies to Plaintiff's claim against Defendant Cruz (for writing *Without You*). Accordingly, the Court finds that Plaintiff's Complaint fails to state a claim against Defendant Cruz.

**III.**

For the foregoing reasons, the Court **DISMISSES** Plaintiff's claim against Defendant

4

Taio Cruz pursuant to 28 U.S.C. § 1915(e).[2]  As Mr. Cruz is the last remaining Defendant in this litigation, the Clerk is **DIRECTED** to terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

   **IT IS SO ORDERED.**

/s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

---

[2] On August 18, 2014, Plaintiff filed an Application for Entry of Default against Mr. Cruz, asserting that Mr. Cruz was properly served but failed to answer or otherwise respond to his Complaint.  (ECF No. 63.)  Given the uncertainty that Plaintiff properly effected international service over Mr. Cruz (*see* ECF Nos. 52 and 56), along with Plaintiff's failure to state a claim, an entry of default would be inappropriate.  *See Simmons v. Ohio Civil Serv. Emp. Assoc.*, 259 F.Supp.2d 677, 685-86 (6th Cir. 2003) (setting aside an entry of default where defendant was not properly served with pleadings); *Washington v. McCoy*, No. 1:12-cv-628, 2013 WL 1641369, at *1(S.D. Ohio April 16, 2013) ("Entry of default judgment is only appropriate where a defendant has failed "to plead or otherwise defend" against a properly served lawsuit" (citing Fed. R. Civ. P. 55)); *LaFountain v. Johnson*, 76 F.3d 379, at *2 (6th Cir. 1996) (setting aside an entry of default where defendant had a meritorious defense).